UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DEREK LAGWAY, | )( |
| Plaintiff, | )( CIVIL ACTION NO.: _____ |
| V. | )( |
| CITY OF CONROE, TEXAS; OFFICER BRENT STOWE and OFFICER ERIC BURKE, INDIVIDUALLY, | )(  )( |
| Defendants. | )( |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES PLAINTIFF JOHN DEREK LAGWAY complaining of DEFENDANTS THE CITY OF CONROE, TEXAS, and OFFICER BRENT STOWE and OFFICER ERIC BURKE, in their individual capacities, and will show the Court the following:

## CONCISE STATEMENT OF THE CASE

Derek Lagway, 31, has never been convicted, or even arrested, for a crime in his entire life, holds a degree in education from Baylor University, has a wife and child, and has been working at the same job for many years. On June 5, 2007, after a long and fruitless daytime police search of his work truck in front of hundreds of passersby on Highway I-45 Conroe Police Officers Eric Burke and Brent Stowe took down Derek's pants by the side of the busy freeway and visually searched and with hands touched and groped the testicles, penis and anus of Derek. The sexual assault was caught on several squad car dash cameras but while the police agencies involved admit the video exists, and Derek having requested the videos well over a year ago, none have been forthcoming. Derek was charged with no crime or traffic violation.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. §§ 1331 and 2201, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

2. Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Montgomery County, Texas, within the United States Southern District of Texas.

## PARTIES

3. Plaintiff John Derek Lagway (Derek) is a resident of Montgomery County, Texas.

4. Defendant Conroe Police officer Brent Stowe (Officer Stowe) is a City of Conroe police officer and a resident of Montgomery County, Texas, in the United Southern District of Texas and can be served with process at the Conroe Police Department at 700 Old Montgomery Road, Conroe, Texas 77301.

5. Defendant Conroe Police officer Eric Burke (Officer Burke) is a City of Conroe police officer and a resident of Montgomery County, Texas, in the United Southern District of Texas and can be served with process at the Conroe Police Department at 700 Old Montgomery Road, Conroe, Texas 77301.

6. The defendant City of Conroe, Texas (Conroe) is a home-rule municipality within the United States Southern District of Texas and may be served with process by serving the Mayor of Conroe, Webb K. Melder, at 300 W. Davis, Conroe, Texas or via U.S. mail at P.O. Box 3066, Conroe, Texas 77305.

## FACTS

7. Derek Lagway, 31, has never been convicted--not even arrested--for a crime in his

entire life. Derek has lived in Willis, Texas[1] all his life except for college. Derek graduated from Willis High School in 1997. Derek received an athletic scholarship from Baylor University and was a standout running back. Derek had a severe motorcycle accident in 2000, however, Derek continued his education and graduated from Baylor University with a degree in education. Derek started his own business, Lagway Accessories, a car and truck accessory business, in Willis, Texas, soon after graduation from Baylor. Derek is married and has a son. His wife is a physical therapist at a nursing home.

8. On June 5, 2007, Derek drove to Houston, Texas, to pick up four car rims and tires for one of his customers who needed them that very day. Derek then drove back towards his Willis shop on I-45, a very busy freeway that runs between Houston, Texas, and Dallas, Texas, the two largest metropolitan areas in Texas[2], in his large new pickup truck with the four rims in boxes along with the four tires in the pickup bed.

9. While traveling north on I-45 between Conroe, Texas, and Willis Derek was pulled over by a Conroe police squad car and a Texas Department of Public Safety (DPS) squad car. Derek had committed no traffic violation. The DPS squad car had a female passenger, not dressed as a law enforcement officer, riding along.

10. Police requested Derek's drivers' license and Derek produced his valid Texas driver's license. There were no warrants pending for Derek's arrest. The police then requested that Derek submit to a search of his vehicle for illegal drugs. While shocked and surprised Derek agreed to the search of his vehicle as Derek has nothing to do with illegal drugs and Derek's customer was waiting on his tires and rims. Within a few minutes a Willis police department

---

[1] Willis is a small town a short distance north of Conroe, Texas, on Interstate 45 .
[2] Combined the Dallas/Fort Worth and Houston metro areas have a population of around 12 million.

squad car showed up with a dog in the car.

11. Derek was patted down, handcuffed and placed in the back seat of a Conroe police department squad car. For around forty five minutes the officers searched Derek's pickup. They tore open the boxes containing the rims, jacked up the pickup and went underneath, and thoroughly scoured the pickup inside and out.

12. The roadside search caused a huge backup of traffic on I-45.[3]

13. After the 45 minutes or so of searching yielded no drugs or other contraband Conroe police officers Brent Stowe and Eric Burke then removed Derek from the back of the squad car and Officer Stowe and Brent Stowe visually searched, and Officer Stowe groped the testicles, penis and anus of Derek with Derek's pants down in full view of the slow moving backed up traffic on I-45 and the female passenger in the DPS squad car. Derek did not consent to Officer Burke's and Officer Stowe visual search of, and Officer Stowe's touching and groping Derek's testicles, penis and anus. Officer Burke did not stop Officer Stowe from groping but stood by as the groping occurred.

14. Derek was then put back in the Conroe police squad car and eventually after well more than an hour of searching Derek was let go without any traffic ticket or apology.

16. Derek was greatly offended by visual search and the touching and groping of his testicles, penis, and anus with his pants down in broad daylight in front of a slow moving solidly packed freeway. Derek has suffered at least embarrassment, shame, anxiety, fear, and anger due to defendants' actions some of which linger to this day.

17. Derek, his mother, and several others met personally with the Conroe Chief of

---

[3] Texas has a relatively new law for officer safety that a passing car must either slow down to 35 mph or clear out from the lane next to a police vehicle with its overhead lights on.

Police Charlie Ray within a few days of the incident to complain about the illegal traffic stop and search in general and especially the visual search and touching and groping of Derek's testicles, penis and anus by the Conroe police. Chief Ray listened to Derek's complaints and then discussed the Conroe squad car video of the incident which he had personally viewed. Thereafter, Officers Stowe and Burke received no training or discipline of any kind.

18. Officers Stowe and Burke at all times including during detention/arrest, the visual search of and the touching and groping of Derek's testicles, penis, and anus were acting in line with their training and the policies, practices, customs and procedures of Conroe, Texas, and its police department. Officers Stowe and Burke filed no complaints that the other violated Derek's rights or that the search or detention/arrest of Derek was improper in any way.

19. On July 7, 2007, Derek sent out a Texas Public Information Act request for the squad car videos of the incident to the City of Willis, the City of Conroe and the Texas Department of Public Safety. See **Exhibit 1.** While the Texas Public Information Act gives discretion to give out such squad car videos, all three government entities choose to exercise their discretion by not providing a copy of their dash cam video to Derek. See **Exhibit 2.**

20. After giving the City of Conroe notice of claim the City of Conroe determined that the damages sought by Derek "were not caused by any wrongful act, omission or negligence on the part of the City of Conroe or any of its employees." See **Exhibit 3.**

21. Derek continues to drive up and down I-45 on business and pleasure and is very worried about being illegally stopped and detained by the Conroe Police Department and having his body cavities visually searched and his testicles, penis and anus touched and groped by Conroe police officers for no reason.

## CAUSES OF ACTION

### I.  Violation of Fourth Amendment

22. Derek incorporates paragraphs 7-21 above. The Fourth Amendment provides that one has the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV*.

23. A visual body cavity search *"represents one of the most grievous offenses against personal dignity and common decency*." 441 U.S. 522, 576-77 (1979)(J. Marshall, dissenting).

24. Defendants violated Derek's Fourth Amendment rights as described above and by their unwarranted visual search and touching and groping of Derek's testicles, penis and anus with Derek's pants down in full view of the slow moving backed up traffic on I-45 and the female passenger in the DPS squad car without his consent. Furthermore, the whole search took longer than necessary and with the handcuffing and lengthy time in the back seat of the squad car the detention may have amounted to an illegal arrest without probable cause.

25. Detentions and stops short of an actual arrest will not support a strip search. *Terry v. Ohio*, 392 U.S. 1 (1968).

26. Derek brings suit under 42 USC Section 1983 for these violations.

### II.  Violation of Fourteenth Amendment

27. Derek incorporates paragraphs 7-26 above. The Fourteenth Amendment guarantees everyone the right not to be deprived of liberty without due process of law. *U.S. Const. amend. XIV*.

28. Defendants violated Derek's Fourteenth Amendment rights when they seized him and unlawfully deprived him of his freedom by such arrest/detention without reasonable suspicion or probable cause.

29. Derek brings suit under 42 USC Section 1983 for these violations.

### III. Conspiracy under 42 U.S.C. section 1983

30. Derek incorporates paragraphs 7-29 above. Derek avers Officer Stowe and Officer Burke acted in conspiracy by their actions and thereby violating his rights.

### IV. Ratification

31. Derek incorporates paragraphs 7-30 above. Officer Stowe's and Burke's actions were all clearly exposed and discussed and examined by the Conroe Police Department and there was no retraining, discipline or consequence to any officer for their behavior of illegal detentions/arrest and visual search of and the touching and groping of Derek's testicles, penis and anus in public. As such the City of Conroe ratified the officers' behavior by failing to discipline or even to simply retrain indicating a custom, policy, practice and procedure by the City of Conroe of allowing all the aforementioned bad acts of Officer Stowe and Officer Burke and other officers. *Grandstaff v. City of Borger,* 767 F.2d 161 (5th Cir. 1985), *cert. denied,* 480 U.S. 916 (1987).

### V. Damages

32. Derek incorporates paragraphs 7-31 above. Derek is entitled to recover damages against Defendants, separately and jointly, for the violations of his federal constitutional rights.

33. Derek is entitled to recover punitive damages against Officer Stowe and Burke because his actions were extreme, outrageous, reckless, willful, malicious, grossly negligent and shocks the conscious.

### VI. Injunctive Relief

34. Derek incorporates paragraphs 7-33 above. Because Derek regularly drives up and down I-45 for business and pleasure his constitutional rights are of great, but intangible,

value, he seeks injunctive relief against Defendants, preventing them from again unlawfully detaining/arresting Derek and visually inspecting and touching and groping his testicles, penis and anus with his pants down in front of members of the public without reason and thereby violating his Fourth and Fourteenth Amendment rights.

35. Derek seeks a Court Order that Conroe police officers be trained in proper search techniques that do violate people rights as described above.

## Attorney's Fees

36. Derek is entitled to recover attorneys' fees and costs from defendants to enforce his Constitutional rights under 42 U.S.C. Section 1988.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff John Derek Lagway requests that the Court:

A. Enter judgment for plaintiff against defendants for violations of plaintiff's Fourth, Fifth and Fourteenth Amendment rights and his rights under the Texas Constitution's Bill of Rights;

B. Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs against defendants, pursuant to federal law, as noted;

C. Award damages to plaintiff against Defendants, separately and jointly; for the violations of his rights under the Fourth, Fifth and Fourteenth Amendments;

D. Award punitive damages against Officer Stowe and Officer Burke;

E. Enter injunctive relief against Defendants, preventing them from again unlawfully interfering with the lawful exercise of his right to liberty and rights under the Fourth, Fifth and Fourteenth Amendments and to enter an order against the city of Conroe to train its officers in proper suspect search techniques; and,

F. Grant such other and further relief as appears reasonable and just, to which, plaintiff shows himself entitled.

RESPECTFULLY SUBMITTED
LAW OFFICE OF RANDALL L. KALLINEN

/s/ Randall L. Kallinen
_____
Randall L. Kallinen
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
Admitted, Fifth US Circuit Court of Appeals
511 Broadway Street, Houston, Texas 77012
Telephone: 713/320-3785
E-mail: AttorneyKallinen@aol.com
Attorney for Plaintiff