UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DEREK LAGWAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-1732 |
| | § | |
| CITY OF CONROE, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I.      Introduction

Pending before the Court is two of the defendants', the City of Conroe, Texas ("Conroe")

and Brent Stowe ("Stowe") (collectively, the "defendants," unless referred to individually),

motion for summary judgment (Docket Entry No. 16) and their brief in support thereof (Docket

Entry No. 17).   The plaintiff, John Derek Lagway ("Lagway"), submitted an objection to the

defendants' summary judgment evidence and a response to the defendants' motion for summary

judgment (Docket Entry No. 25).   The defendants filed a response to Lagway's objection to the

their summary judgment evidence including a notice of intent to seek sanctions  (Docket Entry

No. 28) and a further response to Lagway's objection and a reply to Lagway's response to their

motion for summary judgment.  (Docket Entry No. 32).  Having carefully reviewed the parties'

submissions, the record and the applicable law, the Court hereby GRANTS in part and DENIES

in part the defendants' motion for summary judgment.

### II.      Factual Background

On June 5, 2007, Stowe—a Conroe Police Department Officer—pulled Lagway over on

Interstate 45 while driving north from Houston, Texas.   During the stop, Lagway and his truck

were searched for drugs.  Both searches proved fruitless.  As discussed below, Lagway asserts

that Stowe's actions violated his rights under the Fourth and Fourteenth Amendments and now brings suit under 42 U.S.C. § 1983.

Shortly before the aforementioned traffic stop, John Key ("Key")—a narcotics detective for the City of Conroe—requested that Stowe pull Lagway over because a confidential informant told Key that Lagway was trafficking illegal drugs.  This informant had previously provided accurate information to the Conroe Police Department.  On this occasion, the informant told Key that Lagway would travel from the Conroe area to a warehouse in Houston, pick up drugs and travel back towards Conroe.  Police officers witnessed Lagway travel to a warehouse in Houston and start driving towards Conroe.  Lagway states that the trip was made for legitimate business reasons.

Stowe was not immediately able to pull Lagway over, so he requested that Conroe Police Officer Brian Davis ("Davis") stop him.  Davis then pulled Lagway over for driving with an expired license plate.  The events that followed were video taped by Highway Patrol Trooper Erik Burse of the Texas Department of Public Safety, who stopped with Davis and Lagway.

After being pulled over, Lagway exited his car and was patted down, revealing that he was carrying a large amount of cash.  Police officers on the scene stated that Lagway appeared nervous at this time.  Davis then asked for consent to search Lagway's truck.  He refused, and a narcotics sniffing dog was called in.  With Lagway outside of the vehicle, the narcotics dog sniffed the truck and responded positively, indicating the presence of drugs.  Lagway was handcuffed and his car was searched, revealing no illegal drugs.  Stowe arrived at the scene near this time, and shortly thereafter, he searched Lagway's person, including areas around Lagway's underwear.  No drugs were found.  The exact scope of and circumstances surrounding this search are presently contested.

On June 5, 2009, Lagway brought suit against Conroe, Stowe and Burke.  The complaint alleged violations of the Fourth and Fourteenth Amendments actionable under 42 U.S.C. § 1983. Lagway seeks damages, attorney's fees, and injunctive relief.

### III.    Contentions

#### A.    The Defendants' Contentions

The defendants assert that summary judgment dismissing all of Lagway's claims is appropriate.  To this end, they state that—as a matter of law—the officers who pulled Lagway over engaged in a reasonable search of his person, and further, they had:  (a) reasonable suspicion to stop Lagway; (b) probable cause to search his truck; and (c) probable cause to search Lagway's person.  Moreover, the defendants argue that Stowe is entitled to qualified immunity from the instant claim.  It is further stated that the conspiracy charges against the defendants are improper because there was no violation of § 1983, and there is no evidence of a prior agreement to commit such a violation.  Lastly, the defendants maintain that liability against Conroe is inappropriate because there was no official policy or custom leading to the alleged harm, and there is no evidence of a constitutional violation.

#### B.    The Plaintiff's Contentions

Lagway argues that summary judgment is improper on the instant claims.  To this end, he states that a genuine issue of material fact exists regarding whether:  (a) the police officers' handcuffing of Lagway constituted an unreasonable search and seizure; (b) Stowe's search of Lagway's person was an unreasonable search and seizure; (c) excessive force was applied against Lagway; and (d) Conroe maintains a policy, practice, custom or procedure leading to unconstitutional searches and seizures by police officers.

IV.     **Standard of Review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "The [movant] bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact." *Lynch Props., Inc. v. Potomac Ins. Co*., 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex v. Catrett*, 477 U.S. 317, 322–25 (1986)).  Once the movant carries this initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.  *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991).  The nonmovant must go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  The nonmovant may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts.  Fed. R. Civ. P. 56(e).  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625.  "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party." *Roberson v. Alltel Info. Servs*., 373 F.3d 647, 651 (5th Cir. 2004).  Thus, "[t]he appropriate inquiry is 'whether the evidence represents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson*, 477 U.S. at 251–52).

V.      **Analysis & Discussion**

    A.      **Probable Cause**

The defendants seek summary judgment "that the information developed in the investigatory detention and the activities of the . . . narcotics detection dog, resulted in probable cause to search . . . the clothing of Plaintiff."  The defendants' assertion is premised on two allegations:   (1) "the stop of the vehicle was based on reasonable suspicion that had been supplied by a confidential informant who had proved reliable in the past;" and (2) "[t]he search by the certified narcotics dog resulted in an alert on the vehicle for illegal narcotics."  The Court finds that a genuine issue of material fact exists on this topic.

Initially, the defendants argue that, under Texas state caselaw, probable cause to search an automobile creates probable cause to search the driver of that vehicle.  However, the defendants cite to no binding caselaw in support of this contention.  Accordingly, the Court is not bound by this proposition of law.

The next step in the present analysis is to determine whether, as a matter of law, the information provided by the informant, in conjunction with the positive reaction by the narcotics dog, established probable cause to search Lagway's person.  "Probable cause exists where 'the facts and circumstances within [an officer's] knowledge and of which [he] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed . . . ."  *Safford Unified Sch. Dist. No. 1 v. Redding*, 129 S. Ct. 2633, 2639 (2009) (quoting *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949)).  Further, an officer needs to maintain the same quantum of belief that evidence of an

alleged crime will be found in the area to be searched.  *Id.*  In applying this standard, the Court looks to the logic set forth in the cases cited by the defendants.

In *Foster*, a narcotics dog alerted to the driver's side floorboard, which, in the experience of the officer in that case, indicated a likelihood that the driver of the automobile had narcotics in his shoes or socks.  *Foster v. State*, 101 S.W.3d 490, 496 (Tex. App—[1st Dist.] 2002, no pet.).  The *Foster* court determined that this evidence, in conjunction with other facts, created probable cause to search the automobile's recent occupants.  *Id.*  In *Hart*, the court found probable cause to search a suspect because a narcotics dog responded to the suspect's car and the suspect had a history of drug offenses. *Hart v. State*, 235 S.W.3d 858, 861–63 (Tex. App.—Eastland 2007, pet. dism'd).  No evidence directly linking Lagway to the positive response from the narcotics dog is present in the instant case.  As such, the Court is not persuaded by the cases cited by the defendants.  Furthermore, considering this conclusion in light of the information provided by Key's informant, a genuine issue of material fact exists regarding whether Stowe had probable cause to search Lagway's person.  Accordingly, summary judgment is not proper on this issue.[1]

### B.    Excessive Force

"To prevail on [a Fourth Amendment] excessive-force claim, [the plaintiff] must establish: '(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'"   *Collier v. Montgomery*, 569 F.3d 214, 218–19 (5th Cir. 2009) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005)).  On this issue, Lagway states that "[t]he digging and feeling around in and near [his] penis, anus, buttocks and testicles was excessive . . . ."  However, Lagway proffers

---

[1] Since this denial of summary judgment precludes summary judgment on Lagway's case as a whole, the Court will not address the defendants' requests for summary judgment regarding qualified immunity, whether probable cause to pull Lagway over was present, whether probable cause to search Lagway's vehicle was present and whether the search of Lagway's person was reasonable.

no evidence of an injury sustained as a result of the allegedly malfeasance. Accordingly, summary judgment is appropriate on this issue.

### C.        Claims against the City of Conroe

With regard to Lagway's claims against Conroe, the defendants state that the "Plaintiff cannot prove a widespread practice, custom or policy of which the City of Conroe was aware or should have been aware and, therefore, no liability can attach to the City of Conroe." On the issue of municipal liability, one United States District Court Judge has recently stated that:

> Under § 1983, to recover from a governmental entity based on the theory of official policy or custom, a plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Castro v. McCord*, 2007 WL 4467566 (5th Cir. 2007) (citations omitted).

> The first prong, the existence of a custom or policy, can be established in two ways. First, it can be shown by a policy statement, regulation, or official position adopted by policymakers that resulted in the plaintiff's injury. *Id.* Plaintiff does not specify any policy statement, regulation or official position. Accordingly, it appears that Plaintiff relies on the second method, which requires showing "[a] persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority." *Id.*

*McCracken v. Hardberger*, No. SA-06-CV-988-XR, 2008 WL 219576, at *2 (W.D. Tex. Jan. 25, 2008); *see also LaGatta v. Harris Cnty.*, No. H-08-3189, 2009 WL 2761646, at *3 (S.D. Tex. Aug. 26, 2009).

With regard to the first element, Lagway provides no evidence of an official position adopted by Conroe pertinent to the instant case. Accordingly, in order to survive summary judgment on this claim, Lagway must evidence a persistent and widespread practice that, while not officially authorized, was so common that it represented municipal policy. Lagway attempts

to satisfy this element by proffering Stowe's deposition testimony that other Conroe police officers conduct searches in a manner similar to his. This is not evidence of a persistent and widespread policy, but rather, this is evidence that *some* of Stowe's coworkers (allegedly) behave in a manner similar him. Moreover, this does not evidence that Conroe police officers conduct searches in an unreasonable manner (relative to the situation before them at that specific time), as is alleged here. As such, this is not evidence of an official policy or practice, and summary judgment is proper on this claim.[2]

### D.    Conspiracy Claims

"The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Brown v. Tull*, No. 99-50442, 2000 WL 821404, at *4 (5th Cir. May 30, 2000) (quoting *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)). With regard to this cause of action, the defendants assert that summary judgment is proper because there is no evidence "that the Defendants had any kind of prior agreement to perform an illegal act in violation of Plaintiff's civil rights." Lagway does not proffer evidence to contravene this assertion. Accordingly, summary judgment is proper on this claim.

---

[2] With regard to Lagway's assertions of ratification, the Court looks to precedent set forth by the Fifth Circuit, which stated:

> The theory of ratification . . . has been limited to "extreme factual situations." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848, 2009 WL 3818826, at *7 (5th Cir. 2009); *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986). Therefore, unless the subordinate's actions are sufficiently extreme-for instance, an obvious violation of clearly established law-a policymaker's ratification or defense of his subordinate's actions is insufficient to establish an official policy or custom. *See Peterson*, 588 F.3d at 848, 2009 WL 3818826, at *7; *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 170 (5th Cir. 1985).

*World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009). Lagway has proffered no evidence of an extreme factual situation, such as a clear violation of a well settled law. Thus, summary judgment is proper on his ratification claim.

**VI.    Conclusion**

Based on the above, the Court hereby **GRANTS** in part and **DENIES** in part the defendants' motion for summary judgment.

It is so **ORDERED.**

SIGNED at Houston, Texas this 30th day of August, 2010.

_____
Kenneth M. Hoyt
United States District Judge