UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN DEREK LAGWAY, | )( |
| Plaintiff, | )(  CIVIL ACTION NO.: 4:09-cv-01732 |
| V. | )( |
| CITY OF CONROE, TEXAS; OFFICER BRENT STOWE; and OFFICER ERIC BURKE, INDIVIDUALLY, | )( )( |
| Defendants. | )( |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' WITNESS LIST

TO THE HONORABLE COURT:

NOW COMES Plaintiff John Derek Lagway and files his objections to the trial witness list of defendant

1. Plaintiff objects to the testimony of Kevin Rooney City of Willis Police Officer as he has never been designated as an expert witness and designated as a fact witness after the discovery deadline. Kevin Rooney was the drug dog handler and will attempt to offer expert testimony on drug dogs and alerting and what his drug "told" him about the presence of drugs on Lagway's vehicle. Plaintiff never had the opportunity to take Rooney' deposition or do a *subpoena duces tecum* because defendant's failure to identify him as an expert witness and naming as a fact witness only after the discovery deadline. Plaintiff at least needed to depose Rooney about his qualifications and training and then check it by subponaeing whatever records those may be.

2. Derek objects to the testimony of John Key, City of Conroe Detective, as his testimony would be irrelevant to any question at issue as he was not at the scene of the arrest, detention and search of John Derek Lagway.

3. Derek objects to the testimony of Ricky Cathey, City of Willis Detective, as his testimony would be irrelevant to any question at issue as he was not at the scene of the arrest, detention, and search of John Derek Lagway.

4. Jerry Staton – Designated expert witness of Brent Stowe

The judge and not the jury will decide legal questions and issues. The issues on which Staton seeks to opine have been held by the Fifth Circuit to be "legal conclusions" and, therefore, inadmissible. Whether a search is reasonable or legal is the judge's determination not the jury. The judge and not the jury is the arbiter of the law and the jury decides fact issues.[1]

Furthermore, *Defendants' proposed Jury Questions are mostly highly objectionable legal questions for the judge to decide not the jury.*

Staton's proposed opinion testimony is not in accord with FRCP 702 requirements and is not allowable. Expert witness testimony is admissible (1) if it qualifies as scientific, technical or other specialized knowledge and (2) if it will assist the trier of *fact* to understand the evidence or to determine the *fact* in issue. Fed. R. Evid. 702; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 584 (5th Cir. 2004). Under Rule 702, an expert's testimony must be relevant "not simply in the sense that all

---

[1] Defendants' proposed Jury Questions are mostly highly objectionable legal questions for the judge to decide not the jury.

testimony must be relevant [pursuant to Rule 402] but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine the fact in issue." *Bocanegra v. Vicmar Services, Inc.*, 320 F.3d 581, 584 (5th Cir. 2003).

Staton seeks to talk about his legal conclusions which is not helpful to jury to understand the FACT issues. Reasonableness under the Fourth Amendment…is a legal conclusion." *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003) (finding admission of expert testimony about reasonableness of police shooting to be error); *United States v. Teel*, 299 Fed. Appx. 387, 2008 WL 4888513 *1 (5th Cir. 2008) (finding that "district court properly barred Teel's expert from going beyond consideration of the conduct to offer legal conclusions regarding whether the assault on Williams constituted excessive force."); *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) (criticism of officers' conduct in light of "Fourth Amendment standards," was not a fact-based opinion but a statement of legal conclusion and should not have been admitted); *See also Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (stating that "an expert may never render conclusions of law…[or] go beyond the scope of his expertise in giving his opinion."). Legal questions are not even proper jury questions and plaintiff is also objecting to the proffered jury questions of defendants as most all are legal questions for the judge not fact questions.

## CONCLUSION

Kevin Rooney, John Key, Ricky Cathey, and Jerry Staton should not be allowed to testify as they offer no relevant admissible evidence. Kevin Rooney should offer no expert testimony on drug dogs including what the drug dog "said (alerted)" to him about where any drugs were as he was never identified as an expert witness and identified as a fact witness after the discovery deadline.

RESPECTFULLY SUBMITTED,
LAW OFFICE OF RANDALL L. KALLINEN

/s/ Randall L. Kallinen
_____
Randall L. Kallinen
Admitted, U. S. 5th Circuit Court of Appeals
Admitted, U.S. Southern District of Texas
Admitted, U.S. Eastern District of Texas
State Bar of Texas No. 00790995
511 Broadway Street
Houston, Texas 77012
Telephone:     713/320-3785
E-mail:        AttorneyKallinen@aol.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

A true and correct copy of the document to which this certificate is affixed has been served on the attorney(ies) and pro se parties as indicated below on September 15, 2010.

Steven D. Selbe, atty. (via ECF)
Gordon & Rees, LLP
1900 West Loop South, Suite 100
Houston, Texas 77027                               /s/    Randall L. Kallinen
                                                   _____
                                                   Randall L. Kallinen